**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Dhruv M. Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:   (949) 271-4040
Email:        bpaino@mcglinchey.com
                    dsharma@mcglinchey.com

Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CHAVEZ; AMANDA CHAVEZ<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[Diversity Jurisdiction]**<br><br>State Court Case No. 34-2022-00316713<br>Action Filed:   March 11, 2022<br>Trial Date:       N/A |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Freedom Mortgage Corporation ("Freedom") hereby removes to this Court the state court action described below.

**I.    BACKGROUND**

1.    On March 11, 2022, Plaintiffs Stacy Chavez and Amanda Chavez ("Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Sacramento (the "Superior Court") by filing a Complaint (the "Complaint") against Freedom, which initiated *Stacy Chavez, et al. v. Freedom Mortgage Corporation*, Case Number 34-2022-00316713 (the "Action"). True and correct copies of the Summons and Complaint are collectively attached hereto as **Exhibit 1**.

1
**NOTICE OF REMOVAL**
20393100.1

2. Freedom was served with the Summons and Complaint on March 22, 2022. Pursuant to 28 U.S.C. § 1446(b) and (c), this notice is timely as it has been filed within 30 days after Freedom's receipt of the Summons and Complaint, and within 1 year after commencement of the Action.

3. On March 22, 2022, the Superior Court issued an Order Re: Delay in Scheduling Initial Case Management Conference. Subsequently, on March 28, 2022, the Superior Court heard Plaintiffs' Ex Parte Application for a Temporary Restraining Order (the "Application"), and issued an Order denying the Application shortly thereafter. True and correct copies of these Orders are attached hereto as **Exhibit 2**.

4. The Superior Court has not scheduled any other hearings as of the date of this notice. A true and correct copy of the Superior Court docket is attached hereto as **Exhibit 3**. Upon information and belief, the documents attached hereto as **Exhibits 1-3** constitute all pleadings, process and orders in the Action.

5. Pursuant to 28 U.S.C. § 1446(d), Freedom will promptly give written notice of the removal of the Action to all adverse parties and will file a copy of this notice with the Clerk of the Superior Court.

## II. VENUE

6. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of California is the proper venue for the removed Action because it is the judicial district in which the Action is pending.

## III. DIVERSITY JURISDICTION

7. The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

8. **Plaintiffs' Citizenship:** Based on the allegations in the Complaint, Plaintiffs are, and all times relevant to this proceeding were, citizens of and domiciled in the State of California. A natural person's citizenship is determined by his or her state

of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. (*See id.*) Plaintiffs' citizenship is evidenced by the fact that they are individuals residing in the county of Sacramento, California, and claim to own and reside at the real property located at 3632 Eagle Crest Drive, Antelope, California 95843 (the "Property"). (*See* Compl., ¶¶ 1, 7, 25). These allegations are *prima facie* evidence that Plaintiffs are domiciled in California. *See State Farm Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. 2014). Plaintiffs' domicile is further evidenced by the fact that, through the Complaint, they seek an injunction vacating the foreclosure sale of the Property. (*See* Compl., Prayer for Relief, ¶ 7). This claim for relief evidences Plaintiffs' intent to maintain their residency at the Property. It follows that Plaintiffs are citizens of California for diversity purposes.

9. **Freedom's Citizenship:** Freedom is, and was at the time of the filing of the Complaint, a corporation organized under the laws of the State of New Jersey and maintains its principal place of business in Boca Raton, Florida. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, Freedom is a citizen of New Jersey and/or Florida.

10. **Doe Defendants:** The only other defendants identified in the Complaint are defendants identified as Does 1-100. The citizenships of Doe Defendants are disregarded for purposes of determining whether removal is proper under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(b)(1); *see also Inglis v. D.R. Horton, Inc.*, 2008 WL 4997611 *2 (S.D. Cal. 2008).

B. **Amount in Controversy**

11. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. This is because Plaintiffs seek to set aside – and an injunction vacating – the foreclosure sale of the

Property. (*See* Compl., ¶¶ 35, 90, Prayer for Relief, ¶ 7). It is well settled that, in actions seeking declaratory or injunctive relief, or to set aside a foreclosure sale, the amount in controversy is measured by the value of the object of the litigation. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *Lipkus v. Wells Fargo Bank, N.A.*, 2019 WL 2448206, at *4 (C.D. Cal. 2019) ("Where a plaintiff seeks to set aside and/or permanently enjoin a foreclosure sale, courts in this Circuit have found that the amount in controversy includes the fair market value of the property or the amount of indebtedness of the plaintiff.") (citations and internal quotations omitted). In this case, the Property was sold at a foreclosure sale for $444,000. (*See* Request for Judicial Notice ("RJN"), **Ex. 1**). Vacating the foreclosure sale would require the return of $444,000, thus making it the amount in controversy. *See also Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *5 (N.D. Cal. 2010); *Delgado v. Bank of Am. Corp.*, 2009 WL 4163525, at *6 (E.D. Cal. 2009) (in a post-foreclosure setting, the object of this litigation is the home that Plaintiff seeks to reclaim).

12. Plaintiffs also seek an injunction enjoining Freedom from conducting further foreclosure activity. (*See* Compl., Prayer for Relief, ¶ 3). When a plaintiff seeks to enjoin a foreclosure sale of real property, "the value of the property is the object of the litigation." *Reyes*, 2010 WL 2629785, at *5; *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). The value of the Property greatly exceeds $75,000, as evidenced by the fact that it recently sold for $444,000. (*See* RJN, Ex. 1). Moreover, the most-recent tax assessed value of the Property is $363,789. (*See* RJN, **Ex. 2**). Accordingly, the value of the object of the litigation in this case, i.e., the amount in controversy, exceeds $75,000. *See Cohn*, at 839.

## IV.    RESERVATION OF RIGHTS

13. Freedom reserves its right to supplement this notice when, and if, additional information becomes available. In addition, Freedom reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction,

and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Freedom prays that the Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED:  April 21, 2022                             **McGLINCHEY STAFFORD**


By: */s/ Dhruv M. Sharma*
     DHRUV M. SHARMA
     BRIAN A. PAINO
Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**